IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HENRIETTA HUTCHINS,

        Plaintiff,

vs.                              Case No. 11-1257-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

        Defendant.

**MEMORANDUM AND ORDER**

    This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I.  General legal standards**

    The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

1

conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

    The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On December 3, 2010, administrative law judge (ALJ) Michael R. Dayton issued his decision (R. at 12-24). Plaintiff alleges that she has been disabled since February 13, 2009 (R. at 12). Plaintiff is insured for disability insurance benefits through December 31, 2014 (R. at 14). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged onset date (R. at 14). At step two, the ALJ found that plaintiff had the following severe impairments:

arthritis of the lumbar spine with sciatica, a history of left rotator cuff tear status post surgery, degenerative joint disease of the right hip status post hip replacement, a history of left ankle fracture status post surgical repair, a history of a torn meniscus in the left knee status post surgical repair, asthma, obesity, and hypertension (R. at 14). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 14-16). After determining plaintiff's RFC (R. at 16), the ALJ determined at step four that plaintiff can perform past relevant work as a customer service representative (R. at 22). In the alternative, at step five, the ALJ determined that other jobs exist in significant numbers in the national economy that plaintiff could perform (R. at 23). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 24).

**III. Did the ALJ link his RFC findings to substantial evidence in the record?**

The ALJ made the following RFC findings regarding plaintiff:

> claimant...can lift up to 25 pounds occasionally and 20 pounds frequently, stand and/or walk for 4 hours in an eight-hour workday; sit for 4 hours in an eight-hour workday; can sit, stand, or walk for 45 minutes at one time; can occasionally climb, balance, stoop, kneel, and crouch; can never crawl; and requires the ability to alternate positions while remaining at her workstation.

(R. at 16). According to SSR 96-8p, the RFC assessment "must

include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See <u>Southard v. Barnhart</u>, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. <u>Spicer v. Barnhart</u>, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. <u>Cruse v.

U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

In his decision, the ALJ stated that plaintiff can sit, stand, or walk for 45 minutes at one time, and also stated that plaintiff requires the ability to alternate positions while remaining at her workstation (R. at 16). Plaintiff argues that the restriction requiring that plaintiff have the ability to alternate positions while remaining at her workstation has no support from the medical evidence (Doc. 12 at 10). In making these findings, the ALJ relied on the opinion of Dr. Cusick that plaintiff could stand and/or walk for 45 minutes at a time, and could sit for 45 minutes at a time (R. at 20, 363). The ALJ further stated that, based on plaintiff's testimony, the opinion of Dr. Cusick, and the medical record, he found it plausible that the claimant must alternate positions (R. at 19). The ALJ also relied on the fact that he observed that plaintiff was able to sit through a 45 minute hearing (R. at 17).

The court finds that substantial evidence supports these

limitations in the ALJ's RFC findings.  The requirement that plaintiff be able to alternate sitting and standing/walking every 45 minutes is expressly contained in Dr. Cusick's report.  The further limitation that she be able to alternate positions while remaining at her workstation is not expressly contained in Dr. Cusick's report, but is consistent with his requirement that she be able to alternate sitting and standing/walking every 45 minutes.  To the extent that this could be seen as an additional limitation, the ALJ based this finding not only on Dr. Cusick's report, but on plaintiff's testimony.  Furthermore, because any additional limitation works in plaintiff's favor, there is no error.  See Mounts v. Astrue, 2012 WL 1609056 at *8 n.2 (10th Cir. May 9, 2012)(Claimant complained that there was no evidence to support limitation imposed by ALJ; court held that because this additional limitation worked to claimant's benefit, the court declined to address the argument).  Furthermore, there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question.  Chapo v. Astrue, __ F.3d ___, 2012 WL 2384354 at *2 (10th Cir. June 26, 2012).

Plaintiff's second allegation of error is that the ALJ erred by failing to include Dr. Cusick's opinion that plaintiff needed to lie down or recline as needed for an indeterminate amount of time during an 8 hour day (Doc. 12 at 11; R. at 364).  The ALJ

rejected this opinion because it was unsupported by the medical record, it was vague as to the frequency and length, and Dr. Cusick failed to clarify his opinion on this issue. Furthermore, the ALJ noted that Dr. Cusick also opined that plaintiff can sit and stand for a combined eight hours a day, if sufficient alternation is permitted, on a regular and consistent basis. The ALJ asserted that this opinion is inconsistent with a need to recline or lie down occasionally (R. at 20).

   The ALJ is correct that nothing in the medical record supports this opinion by Dr. Cusick. The record in this case includes the opinions of two other treating physicians (Dr. Eyster and Dr. Claiborne), and two other consultative non-examining physicians (Dr. Holsclaw and Dr. Parsons). None of these physicians opined that plaintiff needed to occasionally lie down or recline at work (R. at 265-273, 365-366, 374-375); in fact Dr. Eyster specifically answered that plaintiff did not need to lie down or recline during the workday (R. at 365). The lack of any support in the medical record, including the fact that four other physicians did not include this limitation clearly provides a legitimate basis to discount this opinion by Dr. Cusick. Furthermore, Dr. Cusick provided no explanation for this limitation, and as noted by the ALJ, this limitation is inconsistent with his opinion that plaintiff can stand/walk for 4 hours in an 8 hour workday, and sit for 4 hours in an 8 hour

9

workday. The court finds that the ALJ's reasons for discounting this opinion by Dr. Cusick are clearly supported by the record.

Finally, plaintiff argues that the ALJ erred by failing to recontact Dr. Cusick in order for him to clarify his opinion regarding plaintiff's need to recline or lie down (Doc. 12 at 11-12). According to 20 C.F.R. § 404.1512(e)(1), the ALJ will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, or when the report does not contain all the necessary information.

In the case of Daniell v. Astrue, 384 Fed. Appx. 798, 802-803 (10th Cir. June 29, 2010), two treating physicians did not give reasons for their limitations. The court noted that the medical evidence in the case was limited, and the court held that when both treating physicians adopt similar functional limitations, the ALJ should not reject those limitations out of hand, but the ALJ should give the treating physicians an opportunity to provide the reasons for the limitations they assessed. However, unlike Daniell, in the case before the court, the ALJ had before him the opinions of two other treating physicians and two other non-examining consultative physicians. None of the other four physicians included the limitation in question, and one of the other treating physicians specifically found that plaintiff did not need to lie down or recline.

In the case of Palmer v. Barnhart, 2006 WL 1581004 at *5 (D. Kan. June 6, 2006), the court held that there was a distinction between a conflict in the record, on the one hand, and a conflict in the treating physician's report, on the other hand. The duty to recontact is only present when the report from the medical source contains a conflict. The court found that there was no duty to recontact the treating physician when their opinion was contradicted by substantial evidence in the record. In the case of White v. Barnhart, 287 F.3d 903, 908-909 (10th Cir. 2002), the court found that the ALJ believed the information he received from the physician was adequate for consideration; that is, is was not so incomplete that it could not be considered. However, the ALJ also believed that the conclusion the physician reached was wrong because it was insufficiently supported by the record as a whole. The court held that, on these facts, the ALJ did not err by not recontacting the physician.

According to 20 C.F.R. § 404.1512(e)(1), recontacting the medical source is only required when there is a conflict or ambiguity in the report from the medical source that "must" be resolved. In the case before the court, there was a conflict or ambiguity in the medical opinion of Dr. Cusick regarding plaintiff's need to recline or lie down. However, in light of the fact that none of the four other physicians included a similar limitation, including two other treating physicians, one

11

of whom specifically stated that plaintiff did not have this limitation, the court finds that the ALJ could reasonably rely on these other medical opinions, and was not required to recontact Dr. Cusick.  As was the case in White, supra, the ALJ found that the opinion of Dr. Cusick regarding whether plaintiff needed to recline or lie down was not supported by any of the four other medical opinions, or any other medical evidence in the case.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Dated this 22nd day of August, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge